# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID BURNS,

     Plaintiff

v.

RUIZ, et al.,

     Defendants

Case No.: 3:20-cv-00032-MMD-CSD

**Order**

Re: ECF No. 24

Before the court is Plaintiff's motion to substitute Dr. Hanf as a defendant in place of defendant Dr. Wolff, and proposed second amended complaint (SAC). (ECF Nos. 24, 24-1.) No response has been filed.

## I. BACKGROUND

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.

The court screened Plaintiff's first amended complaint (FAC), and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Wolff. (ECF No. 8.) The claim is based on allegations that Plaintiff's arthritis medication ran out in July 2018. Dr. Wolff saw Plaintiff in August of 2018, but decided Plaintiff's arthritis was not important, causing Plaintiff to suffer in pain until December 2018, when Dr. Wolff refilled some of Plaintiff's arthritis medication.

The Attorney General's Office accepted service for Dr. Wolff, and filed an answer. (ECF Nos. 17, 18.)

On January 31, 2022, Plaintiff filed this motion to substitute Dr. Hanf in place of

Dr. Wolff after he conducted discovery in another case, 2:19-cv-00722-JAD-NJK. (ECF No. 24.)

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

"The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

Dr. Wolff failed to file a response to the motion to amend; therefore, he consents to the granting of Plaintiff's motion.

The court must still screen the proposed SAC under 28 U.S.C. § 1915A,  which requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Like the FAC, in the SAC, Plaintiff alleges that Dr. Hanf denied him medical care for chronic arthritis from August to December of 2018. He alleges in June of 2018, he filed a kite

stating that he was waiting to see the provider to get back on his Tylenol 3 medication for severe arthritis pain. On June 23, 2018, Plaintiff was told he was on the list to be seen. On June 27, 2018, Plaintiff asked for a refill of his Capsaicin arthritis cream. On July 4, 2018, he wrote to medical complaining about his arthritis. On July 11, 2018, he was told he was on the list to be seen. In July 2018, he received his last analgesic Capsaicin cream. On August 10, 2018, he saw Dr. Hanf, who noticed a mole on Plaintiff's palm, and told Plaintiff the mole was more important than his arthritis pain. He dismissed Plaintiff's complaint of arthritis pain. In December of 2018, Dr. Hanf finally gave Plaintiff relief for his arthritis pain. (ECF No. 24-1.)

Plaintiff states a colorable Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Hanf.

### III. CONCLUSION

(1) Plaintiff's motion to amend to substitute Dr. Hanf in place of Dr. Wolff is **GRANTED**, and Dr. Wolff shall be **DISMISSED** from this action.

(2) The Clerk shall **FILE** the SAC (ECF No. 24-1.)

(3) Plaintiff may proceed with the Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Hanf in the SAC.

(4) Within **FOURTEEN DAYS** of the date of this Order, the Attorney General's Office shall file a notice advising the court whether it will accept service on behalf Dr. Hanf. If it does not accept service for Dr. Hanf, it shall file his last known address under seal (and not serve the inmate plaintiff). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es). If service is not accepted for Dr. Hanf, Plaintiff shall file a motion requesting issuance of a summons and service of the summons and complaint. Plaintiff has ninety days from the date of this Order to effectuate

service. If Plaintiff should require additional time, he must file a motion for an extension of time in accordance with Local Rule IA 6-1. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

(5) If the Attorney General accepts service on behalf of Dr. Hanf, an answer or other responsive pleading shall be filed and served within **TWENTY-ONE** days of the date a notice of acceptance of service is filed.

(6) The current scheduling order deadlines are **VACATED**, and the court will issue a new scheduling order following the filing of an answer or other responsive pleading.

**IT IS SO ORDERED**.

Dated: February 25, 2022

_____
Craig S. Denney
United States Magistrate Judge