1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID BURNS,

      Plaintiff

v.

RUIZ, et al.,

      Defendants

Case No.: 3:20-cv-00032-MMD-CSD

**Order**

Re: ECF No. 32

Before the court is Plaintiff's motion to submit second amended complaint and proposed second amended complaint. (ECF Nos. 32, 32-1.) Defendant filed a response (ECF No. 33), and Plaintiff filed a reply (ECF No. 34).

**I. BACKGROUND**

Plaintiff is incarcerated within the Nevada Department of Corrections (NDOC). He filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The court screened the original complaint and found Plaintiff failed to state a colorable claim; however, the court granted him leave to amend. (ECF No. 5.)

Plaintiff filed a first amended complaint (FAC), which the court screened. (ECF Nos. 8, 9.) The court found that Plaintiff stated a colorable Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Wulff.[1] The claim is based on allegations that Plaintiff saw Dr. Wulff in August 2018, who decided Plaintiff's arthritis was not important, causing him to suffer in pain until December 2018, when Dr. Wulff refilled some of his arthritis medication. All other claims and defendants were dismissed (ECF No. 8.)

---

[1] Mistakenly named by Plaintiff as Dr. Wolff.

1     The Attorney General's Office accepted service for Dr. Wulff, and an answer was filed

2 on September 6, 2021. (ECF Nos. 17, 18.)

3     On January 31, 2022, Plaintiff filed a motion to substitute Dr. Hanf in place of Dr. Wulff

4 and filed a proposed second amended complaint (SAC). (ECF Nos. 24, 24-1.) The proposed SAC

5 alleged Plaintiff filed medical kites in June of 2018, to be seen to get his medications for his

6 severe arthritis pain (Tylenol 3 and capsaicin cream).  Plaintiff got his cream in July of 2018. On

7 August 10, 2018, Dr. Hanf examined him, and noticed a mole on his palm and said: "This mole

8 is more important than your arthritis pain, this may be a sign of melanoma and I'm ordering a

9 biopsy." Plaintiff claims Dr. Hanf dismissed his arthritis complaints. Plaintiff avers that in

10 December of 2018, Dr. Hanf finally gave Plaintiff relief for his arthritis pain. (ECF No. 24-1.)

11 These allegations are substantially the same as in the FAC, except Dr. Hanf's name is substituted

12 for Dr. Wulff's.

13     Dr. Wulff did not oppose Plaintiff's motion to amend. As a result, the court granted the

14 motion and found Plaintiff stated a colorable Eighth Amendment claim for deliberate

15 indifference to his serious medical need against Dr. Hanf and ordered the SAC filed. (ECF Nos.

16 25, 26.)

17     The Attorney General's Office accepted service for Dr. Hanf, and an answer was filed.

18 (ECF Nos. 27, 28.) A new scheduling order was issued, giving the parties until May 31, 2022, to

19 amend or join parties. (ECF No. 29.)

20     On April 25, 2022, Plaintiff timely filed this motion to submit a second amended

21 complaint and proposed second amended complaint. He states that Defendant's Rule 26

22 disclosures stated Dr. Wulff was in fact the defendant in question. Therefore, Plaintiff asked the

23 court to bring Dr. Wulff in as a defendant again. (ECF No. 32.)

1       Preliminarily, the proposed amendment is actually a proposed third amended complaint

2   (TAC).

3       The proposed TAC names both Dr. Wulff and Dr. Hanf as defendants. Plaintiff alleges he

4   went to the infirmary on August 10, 2018, for a refill of his arthritis medication. He saw Dr.

5   Wulff, who ordered a biopsy for melanoma for a skin lesion he found on Plaintiff's hand. When

6   Plaintiff complained of arthritic pain, Dr. Wulff said, "this is more important," referring to the

7   mole, and the doctor did not prescribe Plaintiff his needed arthritis medication for pain and

8   inflamed joints. Plaintiff states he saw Dr. Hanf on December 6, 2018, who prescribed his pain

9   medication. Plaintiff avers Dr. Hanf could have re-ordered the medication much earlier, but

10  waited until the December 6, 2018 visit. (ECF No. 32-1.)

11      In response, Dr. Hanf argues Plaintiff does not include points and authorities, and he does

12  not attach a proposed amended complaint. Defendants further contend Plaintiff's basis for adding

13  Dr. Wulff back in is that he was identified as a defendant in the Rule 26 disclosures.  However,

14  Dr. Hanf's Rule 26 disclosures merely list Dr. Wulff as person who may have knowledge

15  regarding Plaintiff's claim. (*See* ECF No. 33-1 at 2.) The Rule 26 disclosures also list Plaintiff's

16  medical records, which Plaintiff is required to request to review through the warden's office.

17                                    **II. DISCUSSION**

18      Amendment is governed by Federal Rule of Civil Procedure 15, which provides that the

19  "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to

20  amend need not be given when amendment: "(1) prejudices the opposing party; (2) is sought in

21  bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp.*

22  *v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

23

3

1    The court will excuse Plaintiff's failure to include points and authorities on this occasion

2 as he is proceeding pro se. Plaintiff did in fact attach a proposed TAC, though the docket notes

3 that it was added later in the day after the motion was filed. (ECF No. 32-1.) The court will now

4 address whether Plaintiff states a claim for relief[2] and whether amendment would be futile.

5    "The government has an 'obligation to provide medical care for those whom it is

6 punishing by incarceration,' and failure to meet that obligation can constitute an Eighth

7 Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th

8 Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

9    A prisoner can establish an Eighth Amendment violation arising from deficient medical

10 care if he can prove that prison officials were deliberately indifferent to a serious medical need.

11 *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two

12 elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

13 response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other*

14 *grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698

15 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

16 If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate

17 indifference to that need. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213 (citation omitted).

18    Deliberate indifference entails something more than medical malpractice or even gross

19 negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section

20 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison

21 official "knows of and disregards an excessive risk to inmate health or safety; the official must

22 both be aware of the facts from which the inference could be drawn that a substantial risk of

23

---

[2] The standard of review is set forth in the court's order at ECF No. 25.

1   serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837

2   (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

3          Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally

4   interfere[s] with medical treatment, or it may be shown by the way in which prison officials

5   provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal

6   quotation marks and citation omitted).

7          Plaintiff states a colorable Eighth Amendment deliberate indifference to serious medical

8   need claim in the proposed TAC against Dr. Wulff for the reasons stated in the order screening

9   the FAC.  However, it is not clear whether or nor Dr. Wulff is in fact the correct defendant. If

10  Plaintiff is relying solely on the designation of Dr. Wulff as a person who may have discoverable

11  information in Dr. Hanf's Rule 26 initial disclosures, then it is possible Dr. Wulff is not the

12  correct defendant. It is not clear whether Plaintiff has had a chance to review the medical records

13  that were disclosed by Dr. Hanf,  However, if Plaintiff is relying on his medical records for the

14  allegation that Dr. Wulff is the doctor he saw in August of 2018 who failed to prescribe him

15  arthritis medication, then Dr. Wulff may be the proper defendant.

16         Plaintiff does not state a colorable claim for deliberate indifference in the proposed TAC

17  against Dr. Hanf. Plaintiff alleges that Dr. Hanf gave him his medication in December of 2018,

18  but he could have given it to Plaintiff sooner. There are no facts alleged that Dr. Hanf knew

19  sooner than December 2018 that Plaintiff needed the arthritis medication. For example, there is

20  no allegation that he saw Dr. Hanf and requested the medication, or that he sent a medical kite or

21  grievance about needing the medication that Dr. Hanf received and ignored. Dr. Hanf must have

22  *known of* and disregarded a risk to Plaintiff's health. In the absence of facts that Dr. Hanf knew

23

Plaintiff was in pain without his arthritis medication prior to December 2018, there is no basis

for a claim against him. However, Plaintiff may be able to state a claim against Dr. Hanf.

### III. CONCLUSION

For these reasons, Plaintiff's motion for leave to amend to file a third amended complaint

(ECF No. 32) is **DENIED**; however, the denial is **WITHOUT PREJUDICE** and **WITH**

**LEAVE TO AMEND**.

Plaintiff has one <u>final</u> opportunity to file an amended complaint that asserts a claim for

deliberate indifference to his serious medical need under the Eighth Amendment against the

correct defendants and that is supported by sufficient factual allegations. The court suggests that

Plaintiff kite to review his medical records to ensure he is naming the correct defendants and

including sufficient factual allegations to support his claim that those defendants violated his

rights under the Eighth Amendment.

Plaintiff has up to and including **June 3, 2022**, to file an amended complaint, which shall

be titled the **THIRD AMENDED COMPLAINT**. The court's form complaint does not have a

checkbox option for a third amended complaint, so Plaintiff shall clearly write "THIRD

AMENDED COMPLAINT" on the form in the space between the checkbox for "second

amended complaint" and the checkbox for "jury trial demanded." Alternatively, Plaintiff may

notify the court by **June 3, 2022**, that he wishes to proceed only with the Eighth Amendment

claim against Dr. Wulff in his proposed third amended complaint, in which case the court will

order that the proposed third amended complaint (ECF No. 32-1) is the operative pleading.

If Plaintiff opts to file a new third amended complaint, it must be complete in and of itself

without referring or incorporating by reference any previous complaint. Any allegations, parties,

1  or requests for relief from a prior complaint that are not carried forwarded in the third amended

2  complaint will no longer be before the court.

3        If Plaintiff fails to file a new third amended complaint by June 3, 2022, this action will

4  proceed only on the Eighth Amendment deliberate indifference claim against Dr. Wulff in the

5  proposed third amended complaint, which will become the operative pleading.

6        **IT IS SO ORDERED**.

7  Dated: May 13, 2022

8  _____

   Craig S. Denney
9  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23