# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID BURNS,

    Plaintiff

v.

HANF, et al.,

    Defendants

Case No.: 3:20-cv-00032-MMD-CSD

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 44

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Dr. Richard Wulff's motion for summary judgment. (ECF Nos. 44, 46-1 to 46-8, 50-1.) Plaintiff filed a response. (ECF No. 53.) Dr. Wulff filed a reply. (ECF No. 60.)

After a thorough review, it is recommended that Dr. Wulff's motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983.

The court screened Plaintiff's third amended complaint (TAC), and allowed him to proceed with a single Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Wulff based on allegations Dr. Wulff denied him medication for his arthritic pain. (*See* ECF Nos. 36 (TAC) and 37 (screening order).)

Dr. Wulff moves for summary judgment, arguing that he was not deliberately indifferent to Plaintiff's serious medical needs because he examined Plaintiff and found he did not need

orthopedic surgical intervention, and he was not responsible for medication and treatment of Plaintiff's arthritis condition. Alternatively, he argues he is entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,*

477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

Plaintiff was seen within NDOC on May 1, 2018, for continued complaints of right mid-finger pain. Right mid-finger displacement, fracture of the middle phalanx, as well as possible rupture of the tendon sheath were noted. He was referred to an orthopedist and prescribed Tylenol No. 3. (ECF No. 46-1 at 2, ECF No. 46-2 at 2.) The referral was approved on May 8, 2018, and Plaintiff was to be sent to see Dr. Wulff. (ECF No. 46-2 at 2.)

Plaintiff saw Dr. Wulff on August 10, 2018. Dr. Wulff noted x-rays showed an auto-arthrodesis (fusion) of the joint in the little finger and a central slip injury to the middle finger. He determined no intervention was required for the chronic hand deformity. Dr. Wolff also noted a pigmented skin lesion on the palmar aspect of the hand, and he recommended a referral to dermatology for evaluation. (ECF No. 46-4 at 2; ECF No. 46-8 ¶¶ 7-12.; ECF No. 46-8 at 4.)[1]

Dr. Wulff is an orthopedic surgeon and contract physician with NDOC, and he consults on orthopedic cases when requested by physicians and providers at NDOC. (ECF No. 46-8 ¶ 4.) According to Dr. Wulff, it was not possible that Plaintiff had arthritis in the joints Dr. Wulff evaluated as they were fused. (ECF No. 46-8 ¶ 14.) Dr. Wulff maintains he did not tell Plaintiff his skin lesion was more important than his arthritis pain. (*Id*. ¶ 15.) Dr. Wulff saw Plaintiff for a surgical consultation, and the doctor was not tasked with evaluating medical care he was receiving from NDOC providers. (*Id*. ¶ 16.) Dr. Wulff was not responsible for prescribing medication to treat Plaintiff's arthritis pain. (*Id*. ¶ 18.)

Plaintiff states that he was told while in Ely State Prison (ESP) that he has degenerative joint disease or osteoarthritis, and he was given pills (Indomethacin) to take as well as a cream for his pain. He maintains that he saw Dr. Wulff looking at his medical chart when he came into

---

[1] According to Dr. Wulff, while the referral referenced the right hand, the condition affected Plaintiff's left hand. (Dr. Wulff Decl., ECF No. 46-8 ¶ 7.)

the examination room; therefore, Dr. Wulff knew about his joint disease/arthritis, and Plaintiff complaint of arthritic pain. Plaintiff claims that when Dr. Wulff examined his hand, he became focused on a small dot on his hand and said he was ordering a biopsy. Plaintiff received no medication for his arthritic pain, asserting that Dr. Wulff told him the mole on his hand was more important.

Plaintiff's TAC alleges that he saw Dr. Wulff on August 10, 2018, for a refill of his anti-inflammatory pain medication due to osteoarthritis pain, but he claims Dr. Wulff discovered a mole on his hand and said that was more important than Plaintiff's arthritis pain. Plaintiff did not receive medication for his arthritis until he saw Dr. Hanf in December 2018. (ECF No. 36 at 3.)

The evidence reveals that Plaintiff was not seen by Dr. Wulff regarding his arthritis or for a refill of his medication for his osteoarthritis pain. Instead, Plaintiff was referred to Dr. Wulff for an orthopedic consultation regarding his displaced pinky finger. Dr. Wulff saw Plaintiff on one occasion and determined that no surgical intervention was necessary for the displaced pinky finger. Incidentally, he noticed a lesion on Plaintiff's palm and recommended evaluation by dermatology.

Plaintiff's claim is not based on allegations that Dr. Wulff should have recommended surgery for his pinky finger. It is only based on allegations that Dr. Wulff did not provide him medication for his arthritic pain. Plaintiff provides no evidence to dispute Dr. Wulff's statement that he could not have been evaluating Plaintiff for arthritis because the joint in the finger for which he was referred to see Dr. Wulff was fused. Instead, it appears that Plaintiff was seeing other providers within NDOC for his degenerative joint disease and/or osteoarthritis. Under these circumstances, where Plaintiff was referred to Dr. Wulff only for evaluation of the displaced

pinky finger, the court does not find Dr. Wulff was deliberately indifferent to Plaintiff's pain related to arthritis or other joint disease. Therefore, summary judgment should be granted in Dr. Wulff's favor.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Dr. Wulff's motion for summary judgment (ECF No. 44).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 15, 2023

_____
Craig S. Denney
United States Magistrate Judge